Samuel T. **HAWKINS**, individually, David Baird, and State of Indiana, ex rel. Samuel T. Hawkins, Plaintiffs,

v.

**WAYNE TOWNSHIP BOARD OF MARION COUNTY, INDIANA and its members, each in their individual capacity, Roger W. Bowser, Earl W. Salisbury, Francis L. Maynard, James F. Mann, Marilyn Pfisterer, Dallas R. Richards, and James F. Mann, individually, and Francis L. Maynard, individually, and Marion County Election Board and its members in their official capacity, Richard Andrew Young, John Muller, and Sarah Taylor,** Defendants.

No. IP01–0385–C H/K.

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 9, 2002.

Stephen Laudig, Laudig & George, Indianapolis, IN, Lawrence M. Reuben, Attorney at Law, Indianapolis, IN, for plaintiffs.

Stephen R. Buschmann, Thrasher Buschmann Griffith Voelkel, Indianapolis, IN, Robert B. Lutz, Attorney at Law, Speedway, IN, Daniel A. Ladendorf, Ladendorf & Ladendorf, Indianapolis, IN, for defendants.

## ENTRY ON DEFENDANTS' MOTIONS TO DISMISS

HAMILTON, District Judge.

This action comes before the court on defendants' motions to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted. As explained below, the motions are denied.

For purposes of the defendants' motions to dismiss, the court takes as true all well-pleaded factual allegations in the complaint, as well as factual assertions made in plaintiffs' brief that are not inconsistent with the allegations in the complaint. *E.g., Chavez v. Illinois State Police,* 251 F.3d 612, 648–49 (7th Cir.2001); *Veazey v. Com-*

*munications & Cable of Chicago, Inc.*, 194 F.3d 850, 854, 861 (7th Cir.1999). Although the court may hold an evidentiary hearing and find disputed facts relevant to subject matter jurisdiction, *e.g., Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676–77 (7th Cir.2001), defendants have not sought such a hearing.

The case concerns the 2000 election for members of the Wayne Township Board in Marion County, Indiana. The Wayne Township Board consists of seven members who are elected from seven geographic districts. The case arises from a significant error in administering the election of 2000. In both the primary election in May 2000 and the general election on November 7, 2000, voters in four precincts that were legally in District Five erroneously received ballots for voting in District Four. The error was not recognized, or at least was not acted upon, before the voting in the general election.

From plaintiffs' perspective, the legal effect of this error was a violation of the one person-one vote standard established under the Fourteenth Amendment, and the practical effect of the error was plaintiff Hawkins' loss of the election in District Five. Plaintiffs blame the error on both the Wayne Township Board, which included in its official ordinance establishing the districts one correct map and one erroneous map, and on the Marion County Election Board, which apparently used the erroneous map to prepare ballots for the 2000 elections.

Plaintiff Samuel T. Hawkins resides in District Five and was the losing Democratic candidate in the 2000 general election for the District Five seat on the Township Board. Plaintiff David Baird resides in Wayne Township. He is a member of the Wayne Township Board elected from District Three, which was not directly involved in the District Four and Five election problem.

Defendants are the Wayne Township Board and its members (other than plaintiff Baird) and the Marion County Election Board and its members. In 1995 the Wayne Township Board adopted an ordinance establishing election districts for the election of seven members. According to the 1990 census and the Wayne Township ordinance, the seven districts had nearly equal populations averaging 17,957. The population of District Four was 17,967, and the population of District Five was 17,875.

According to the ordinance, Precincts 9, 10, 14, and 25 of Ward 29 were designated as part of District Five. Shifting those four precincts from District Five to District Four (as occurred in the 2000 voting), caused the population of District Four to grow to 21,857 and the population of District Five to shrink to 13,985.

The complaint alleges that the four precincts in question were properly treated as part of District Five in the primary and general elections in 1996. For the 2000 elections, however, maps were distributed that placed the four precincts in District Four.

The complaint alleges: "Had the voters in the four precincts been provided the correct ballots, Samuel T. Hawkins would have won a seat on the Township Board from District Five instead of the wrongfully declared winner James F. Mann, who now wrongfully holds the office of Wayne Township Board member from District Five." Cplt. ¶ 33.

The complaint also alleges that a question about whether the four precincts received the proper ballots was brought to the attention of the Marion County election Board on November 17, 2000, but the Election Board did not bring the situation to the attention of anyone else until it

issued a press release on the afternoon of Wednesday, November 22, 2000, the day before Thanksgiving. This allegation may be relevant because the Indiana deadline for a candidate to file an election contest is just seven days after the election. Ind. Code § 3–12–8–5(a). (A county chairman may contest an election up to ten days after the election. Ind.Code § 3–12–8–5(b).) The same deadlines apply to filing for a recount. Ind.Code § 3–12–6–2.

Under federal law, plaintiffs claim that the foregoing events violated their rights under the Fourteenth Amendment to the United States Constitution by diluting the influence of plaintiffs' votes and concentrating the influence of others' votes. Plaintiffs also assert several claims under state law. Plaintiff Hawkins also claims under Indiana law that defendant James Mann is usurping the office of District Five member. See Ind.Code § 34–17–2–6. Plaintiffs also claim the foregoing events essentially amounted to an illegal redistricting of the township board districts. Plaintiffs contend this de facto redistricting violated Ind.Code § 36–6–6–2.5(b)(2), which requires "reasonably compact" election districts for township boards; Ind. Code § 36–6–6–2.5(b)(4), which requires that township election board districts "contain, as nearly as reasonably practicable, equal population"; Ind.Code § 36–6–6–2.5(c), which requires certain notices before redistricting decisions; and Ind.Code § 36–6–6–2.5(d), which sets specific years for redistricting.

For relief, plaintiffs seek a judgment that the 2000 elections to both District Four and Five be declared null and void, that defendants Mann and Maynard be removed from office, and that both seats be declared vacant with special elections to fill them, and that the Wayne Township Board districts be redrawn under court supervision.[1]

### Defendants' Motion to Dismiss

### I. Standing

■ The Wayne Township defendants contend first that plaintiffs Hawkins and Baird lack standing to raise the Fourteenth Amendment claim. The Supreme Court has explained that "the irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Those elements are:

First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, see [*Allen v. Wright*, 468 U.S. 737, 756, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) ]; *Warth v. Seldin*, 422 U.S. 490, 508, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740–741, n. 16, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " *Whitmore* [*v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) ], (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some

---

**1.** Plaintiffs also request that the court simply order that Hawkins be given the District Five seat. The court does not see how it could order such relief here. Hawkins' theory is that voters who did not see his name on the ballot would have voted for him if his name had been on the ballot. That result may be a reasonable possibility, perhaps because of party affiliation, but the court could not possibly make such a finding with enough certainty to avoid a special election.

third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41–42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.,* at 38, 96 S.Ct. 1917.

504 U.S. at 560–61, 112 S.Ct. 2130. A challenge to standing ordinarily should not be treated as an invitation to consider the merits of the plaintiff's claim. See, *e.g., Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."); see also *id.* at 500, 95 S.Ct. 2197 ("Although standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, * * * it often turns on the nature and source of the claim asserted."); *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970) ("The 'legal interest' test goes to the merits. The question of standing is different.").

■ Both plaintiffs satisfy the requirements of standing. Plaintiff Baird asserts his rights as a voter in one of the other districts for electing members of the Wayne Township Board. He alleges that the mistake regarding the four precincts from District Five had the effect of exaggerating the weight of other voters' votes in the township board elections and thus of diluting the weight of his vote. That effect is comparable to the effect that was sufficient to confer standing on plaintiff-voters in the landmark cases establishing the one person-one vote principle for legislative districts, *Baker v. Carr,* 369 U.S. 186, 207–08, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (holding that voters had standing), and *Reynolds v. Sims,* 377 U.S. 533, 537, 84

S.Ct. 1362, 12 L.Ed.2d 506 (1964) (assuming that voters had standing). In the terms of *Lujan:* (1) Baird had a concrete, actual, and imminent right to have all votes given equal weight in the election of township board members; (2) the alleged conduct of both the Wayne Township Board and the Marion County Election Board contributed to cause the alleged injury to Baird's right; and (3) the relief Baird seeks, at least in the form of a new election in two districts, would remedy the alleged injury to his Fourteenth Amendment right by giving all votes equal weight.

■ For plaintiff Hawkins, the analysis is a little different but the result is the same. Hawkins was a voter in District Five. The removal of the four precincts from District Five actually exaggerated the weight of his own vote rather than diluting it. But Hawkins was the losing candidate in District Five. He cannot be fairly described as merely a "concerned bystander." The result of the error was to prevent hundreds of voters from having the opportunity to vote for Hawkins that they should have had. If candidate Hawkins did not have standing to raise equal protection rights of voters, it would be difficult to see how then-candidate George W. Bush of Texas had standing to raise the equal protection rights of Florida voters that a majority of the Supreme Court deemed decisive in *Bush v. Gore,* 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000). Cf. *id.* at 109, 121 S.Ct. 525 (regarding merits of the claims: "Our consideration is limited to the present circumstances....").

## II. *Mootness*

■ The Wayne Township defendants contend next that the Fourteenth Amendment claim is moot because the Wayne Township Board districts were due to be redrawn in 2001 based on 2000 census

information. (The record does not indicate whether that has occurred yet.) The court agrees that there is no point in having the court attempt to draw new district lines at this time. However, at least to the extent that plaintiffs seek to void the results of the 2000 election for Districts Four and Five before the end of the four-year term of the winners, this case presents a live controversy. See, *e.g., Gjersten v. Board of Election Comm'rs,* 791 F.2d 472, 478–79 (7th Cir.1986) (vacating order of special election, but leaving open the possibility of such an order on remand, and thus not treating case as moot).

### III. *Federal Question Jurisdiction and Abstention*

■ All defendants claim that plaintiffs have failed to assert a claim arising under the federal Constitution. They assert that plaintiffs have really alleged violations of Indiana election laws, and continue: "The allegation of Fourteenth Amendment violations is not an *essential element* of Plaintiffs' claims. The claim of vote dilution is merely a product of the alleged violations of state statutes." Wayne Township Br. at 11. This assertion is not supported by any authority or even argument. It seems to be an attempt to return to the days before *Monroe v. Pape,* when actions that were taken under color of state law but in violation of state law were not actionable under 42 U.S.C. § 1983. See 365 U.S. 167, 171, 184–85, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The election was plainly conducted under color of state law even if state law was not followed in one important respect. Plaintiffs' Fourteenth Amendment claim arises under the Constitution of the United States.

Plaintiffs have alleged a federal claim sufficient to invoke the court's subject matter jurisdiction. "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). This court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another," unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.,* quoting *Bell v. Hood,* 327 U.S. 678, 682–83, 685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). It remains to be seen whether plaintiffs might prevail on the merits of their claims, but they have successfully invoked federal subject matter jurisdiction over a claim arising under federal law.

Defendants next suggest that the court should abstain from deciding this case because of the sensitive issues presented by having federal courts draw electoral districts for state and local governments. As noted above, the court sees no need to draw new district boundaries in this case, especially since they are due to be drawn (or may already have been drawn) based on the 2000 census data.

Defendants also point out that having a federal court void any election is an intrusive remedy that no court should grant lightly. See *Gjersten v. Board of Election Comm'rs,* 791 F.2d 472, 478 (7th Cir.1986); *Bell v. Southwell,* 376 F.2d 659, 662 (5th Cir.1967). Defendants also point out that Indiana law provides a remedy for serious errors in conducting elections. An election may be contested in the state courts on grounds that: "A mistake occurred in the printing or distribution of ballots" or "in

the programming of a voting machine or an electronic voting system" that makes it "impossible to determine which candidate received the highest number of votes." Ind.Code § 3–12–8–2(2) & (3).

The remedy of an election contest was available to plaintiffs in this case, though on a very tight set of deadlines intended to ensure that any election disputes are presented and resolved as quickly as possible, without leaving a lingering cloud over the office-holder. A candidate must file a contest petition no later than seven days after the election; a county chairman has another three days to file a petition. Ind.Code § 3–12–8–5. The court must hold a hearing within 20 days after the return day fixed by the notice of the contest to the respondent. Ind.Code § 3–12–8–16. In the end, however, if the court finds a mistake made it impossible to determine which candidate received the highest number of votes, the court "shall order that a special election be conducted." Ind.Code § 3–12–8–17(d).

■ As the Seventh Circuit made clear in *Gjersten*, a federal court may order a special election if it is needed to provide an effective remedy for a substantial constitutional violation, though only after careful consideration of a host of equitable factors. 791 F.2d at 478–79; accord, *Hadnott v. Amos*, 394 U.S. 358, 367, 89 S.Ct. 1101, 22 L.Ed.2d 336 (1969) (ordering new election). Perhaps the use or failure to use available state remedies might be considered as part of the equitable balance in deciding upon a remedy for any constitutional violation that might be found. At the same time, such considerations would depend on additional facts that need further development

and cannot be resolved on the present record.[2]

## IV. *Failure to State a Claim*

The Wayne Township defendants contend next that the Fourteenth Amendment claim should be dismissed for failure to state a claim upon which relief can be granted. The Wayne Township defendants assert, in essence, that they are not responsible for the wrongs alleged by plaintiffs, for the original districting ordinance properly put the four precincts in District Five.

■ Even if the Wayne Township defendants did nothing wrong, however, their argument fails to come to grips with the relief being sought by plaintiffs. That relief includes voiding the results of the election in Districts Four and Five, and directing new elections. There is little doubt that such relief would affect the Wayne Township defendants substantially. These defendants would surely have the right to intervene if they had not been named as defendants. If they had no objection to the relief sought by plaintiffs, they could say so and might be able to avoid further entanglement in this lawsuit. But because they oppose the relief that would be adverse to their interests, the allocation of blame between the Wayne Township defendants and the Marion County Election Board is beside the point.

For the foregoing reasons, defendants' motions to dismiss this action are hereby denied. The court will hold a scheduling conference on Friday, January 25, 2002, at 9:30 a.m. in Room 330, U.S. Courthouse, Indianapolis. Perhaps the most significant

---

**2.** For example, plaintiffs assert in their brief that the county chairman of the Republican Party was aware of the error and "intentionally concealed, or did not reveal, that fact until after the time for any and all filing recount and special election challenges had passed," as well as that the Wayne Township Board was aware of the error and concealed it. Pl. Br. at 5.

feature of this case is the apparent inadvertence of the error that occurred in administering the election of 2000 in Districts Four and Five. Errors in election administration are not unusual. Counsel should be prepared to discuss both the significance of the availability of state law remedies for the alleged error and whether plaintiffs' claims for relief depend on showing that any alleged constitutional violation resulted from intentional conduct or instead from random and unauthorized negligence.